(No. 89-CV-0378-)

*In re* APPLICATION OF PHILLIP PEEBLES

*Order filed August 23, 1989.*

*Opinion filed March 24, 1992.*

PHILLIP PEEBLES, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (DANIEL BRENNAN and JAMES MAHER, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

DILLARD, J.

This claim arises out of an incident that occurred on October 17, 1987. Phillip Peebles, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on October 20, 1988, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 17, 1987, the Claimant was shot by an offender who was known to him. The incident occurred as the Claimant was seated in a parked car located near 13th and Wentworth Street, Chicago Heights, Illinois. Police investigation revealed that the offender approached the automobile and attempted to speak with the Claimant. During an ensuing verbal

dispute, the offender produced a handgun and shot the Claimant in the arm.

When initially asked by the Chicago Heights Police Department to sign a criminal complaint against the offender, the Claimant declined to do so. When asked to sign a complaint two days later, the Claimant again refused to do so. At this time, the Claimant indicated he did not want to pursue the matter criminally. He then completed and signed a refusal to prosecute form. As a result, the Chicago Heights Police Department cleared the case from any criminal prosecutions.

2. That sections 76.1(b) and (c) of the Act state that a person is entitled to compensation under the Act if the appropriate law enforcement officials were notified of the perpetration of the crime and the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That it appears from the police report that the Claimant declined to cooperate fully with the law enforcement officials in the apprehension and prosecution of the assailant, in that he refused to sign a criminal complaint against the assailant when asked to do so by the Chicago Heights Police Department on two separate occasions. The Claimant then indicated he did not want to pursue the matter criminally, and he completed and signed a refusal to prosecute form.

4. That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, he is not eligible for compensation thereunder.

It is hereby ordered that this claim be, and is hereby denied.

OPINION

Raucci, J.

On October 17, 1987, the Claimant, Phillip Peebles, was involved in an incident in which he was shot by an offender who was known to him.

On October 20, 1988, the Claimant filed a claim seeking medical expenses, hospital expenses and loss of earnings pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

On August 23, 1989, the Court of Claims issued an order finding that the Claimant failed to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act. Sections 76.1(b) and (c) of the Act state that a person is entitled to compensation if the appropriate law enforcement officials were notified of the perpetration of the crime and the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant. The Claimant failed to meet those requirements and the Court denied the claim.

On September 12, 1989, the Claimant requested a hearing and on September 6, 1990, a hearing was held before Commissioner Michael E. Fryzel.

At the hearing the Claimant testified on his own behalf. He admitted that he did not sign a complaint against the offender even though he knew and could identify him. He claims he feared for his life and felt he would be harmed if he signed a complaint. He also said he did not trust the police department investigating the incident and received phone calls threatening his life. Aside from his personal fears and mistrust, the Claimant

473

did not present any evidence to show that the order of the Court should be reversed or amended.

It is the finding of the Court that the Claimant failed to meet the requirements of the Act by not fully cooperating with law enforcement officials in the apprehension and prosecution of the offender.

It is ordered, adjudged and decreed that this claim is dismissed, and forever barred.